# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

vs.                                                    CASE NO. 3:10-cr-23-J-32TEM

TONY DEVAUGHN NELSON

_____

## ORDER ON POST-VERDICT MOTIONS

Following an almost three week jury trial, on May 20, 2011, the jury found defendant Tony Devaughn Nelson guilty on 36 counts of the Indictment and not guilty on one count (Doc. 306). Mr. Nelson has now filed a Post-Verdict Motion for Judgment of Acquittal (Doc. 340), a Supplement to his Post-Verdict Motion for Judgment of Acquittal (Doc. 355), and a companion Post-Verdict Motion for New Trial and Motion for Arrest of Judgment (Doc. 341). The government has responded in opposition (Docs. 360, 361, 362).

Mr. Nelson's post-trial submissions are extensive, totaling over seventy five pages of briefing and attaching and referring to multiple exhibits. The government's responses, though not quite as lengthy, are also fulsome. In fashioning this Order, the Court has determined not to address in detail each issue and sub-issue raised by Mr. Nelson. This is because the Court has previously addressed many of these same arguments, both in the Court's pretrial orders (see Docs. 120, 195, 247, 281) and during trial. The Court adheres to those rulings.

**I.** **Motion for Judgment of Acquittal**

In seeking a post-verdict judgment of acquittal, Mr. Nelson faces an uphill climb. In

United States v. Almanzar, 634 F.3d 1214 (11th Cir. 2011), the Eleventh Circuit reviewed the

law that governs such a motion:

> Because we view the evidence in the light most favorable to the
> government, a conviction may not be disturbed "on the ground
> of insufficient evidence unless no rational trier of fact could have
> found the essential elements of the crime beyond a reasonable
> doubt." United States v. U.S. Infrastructure, Inc., 576 F.3d 1195,
> 1203 (11th Cir. 2009) (internal quotation marks omitted). The
> jury is free to choose among reasonable inferences to be drawn
> from the evidence presented at trial, and the district court must
> accept all reasonable inferences and credibility determinations
> made by the jury. United States v. Molina, 443 F.3d 824, 828
> (11th Cir. 2006). The district court may not consider facts that
> were not presented to the jury. United States v. Miranda, 425
> F.3d 953, 961 (11th Cir. 2005). We presume that jurors follow
> the instructions given by the district court. United States v.
> Ramirez, 426 F.3d 1344, 1352 (11th Cir. 2005).

Id. at 1221-22. Additionally, the Court must "resolve any conflicts [in the evidence] in favor

of the government and accept all reasonable inferences that tend to support the

government's case." United States v. Williams, 527 F.3d 1235, 1244 (11th Cir. 2008)

(citation omitted). "This test applies regardless of whether the evidence is direct or

circumstantial." United States v. Williams, 390 F.3d 1319, 1324 (11th Cir. 2004) (citations

omitted). "The relevant question . . . 'is whether, after viewing the evidence in the light most

favorable to the prosecution, any rational trier of fact could have found the essential

elements of the crime beyond a reasonable doubt.'" United States v. Rini, 229 F. App'x 841,

843 (11th Cir. 2007) (quoting Jackson v. Va., 443 U.S. 307, 319 (1979), with emphasis in

original). Thus, "the issue is not whether a jury reasonably could have acquitted but whether

2

it reasonably could have found guilt beyond a reasonable doubt." <u>Williams</u>, 527 F.3d at 1244 (citation and quotation omitted) (emphasis added).

The titles in the "Table of Contents" at page 1 of Mr. Nelson's motion (Doc. 340), such as "Young Credibility," "Payroll - Was that Word Said?," "Payroll - Term Not Sufficient to Constitute a Bribe Solicitation," "$8,500.00 Monthly Fees - Not Sufficient Proof They Were Bribe Payments," demonstrate that for the most part the issues raised here by Mr. Nelson are quintessentially jury arguments which Mr. Nelson fully developed at trial. Thus, for example, Mr. Nelson's able counsel relentlessly cross-examined Lance Young, the government's star witness, doing everything he could to portray Mr. Young as being unworthy of belief. Mr. Nelson's counsel also repeatedly sought to demonstrate that the $8,500.00 monthly fees paid to Mr. Nelson were legitimate consulting fees and not bribe payments. Mr. Nelson's counsel drew attention to a consulting agreement of another individual, which bore similarities to Mr. Nelson's consulting agreement, to try to convince the jury that Mr Nelson's arrangement was legitimate. Had these arguments been accepted by the jury, its verdict might have been different. However, the jury rejected Mr. Nelson's interpretation of the evidence, as it was permitted to do.

Looked at in its most favorable light, the government's evidence, which included Young's testimony that the payments he directed be made to Mr. Nelson were bribes, the efforts Mr. Nelson undertook to conceal his financial relationship with Young, incriminating wiretap conversations involving Mr. Nelson and incriminating statements that Mr. Nelson made to the FBI before he decided to stop cooperating, was sufficient for a reasonable jury to find Mr. Nelson guilty beyond a reasonable doubt.

Mr. Nelson also believes that the government's evidence that he agreed to "corruptly influence" the Jacksonville Port Authority was insufficient. While the Court agrees that the evidence that Mr. Nelson corruptly provided improper access or favor to Young's company, SSI, at the Port was circumstantial and subject to debate, viewing the evidence in its most favorable light and allowing the jury to make all reasonable inferences, it was nevertheless legally sufficient for the jury to accept. See Doc. 333 at Jury Instruction Nos. 14, 16; see also United States v. McNair, 605 F.3d 1152, 1187-88 (11th Cir. 2010), cert. denied, 131 S.Ct. 1600 (2011) (holding there is no specific quid pro quo requirement under the § 666 bribery statute); United States v. Kemp, 500 F.3d 257, 282 (3d Cir. 2007) (cited with approval in Skilling v. United States) (holding a "stream of benefits" theory could support a bribery charge where payments are made "with the intent to retain the official's services on an 'as needed' basis" in exchange for the official taking "specific action on the payor's behalf" "whenever the opportunity presents itself").

Mr. Nelson's legal arguments based primarily on his reading of Skilling v. United States, __ U.S. __, 130 S. Ct. 2896 (2010) and United States v. Siegelman, 640 F.3d 1159 (11th Cir. 2011) are also without merit for the reasons the Court has previously stated both in writing and on the record. The Court was well aware that the honest services mail fraud counts, brought under 18 U.S.C. §§ 1341 and 1346, had to meet the standards announced by the Supreme Court in Skilling and fashioned jury instructions designed to accomplish that result.[1] Moreover, that the jury also found Mr. Nelson guilty of twelve counts of federal funds

---

[1]Jury Instruction No. 14 required the jury to find that "the scheme or plan consisted of a bribe such that [Mr. Nelson] solicited, demanded, accepted, or agreed to accept

4

bribery, 18 U.S.C. §§ 666(a)(1)(B), based on the same evidence, further convinces the Court that, in convicting Mr. Nelson of honest services mail fraud, the jury was making a finding that Mr. Nelson had "solicited, demanded, accepted, or agreed to accept" a bribe.[2]

## II.    Motion for New Trial

Mr. Nelson's motion for new trial is largely interrelated with his motion for judgment of acquittal. However, he does assert some distinct arguments and the standards governing the Court's consideration of a motion for a new trial are different. Under Rule 33, a court

---

payment from someone other than the Jacksonville Port Authority, and that, in return for the payment, Nelson intended to be corruptly influenced or rewarded for a transaction or series of transactions of the Jacksonville Port Authority." This instruction further provided:

> An individual who owes the public a duty to provide honest services does not violate the law merely by concealing, or failing to disclose, a financial interest. Having an undisclosed financial interest is not a crime, and, even if you should find that Tony Nelson failed to disclose, or concealed, a financial interest, he cannot be convicted of honest services mail fraud simply for concealing, or failing to disclose, such a financial interest.
>
> Rather, the government must prove beyond a reasonable doubt that the scheme or plan engaged in by Mr. Nelson consisted of bribery, as previously defined in this instruction. If an official serves his personal interests by taking or agreeing to take a bribe, the official or employee defrauds the public of honest services, even if the public agency suffers no monetary loss.

Doc. 333 at Jury Instruction No. 14.

[2]The Eleventh Circuit's recent decision in a public corruption case, United States v. Langford, __ F.3d __, No. 10-11076, 2011 WL 3364323 (11th Cir. Aug. 5, 2011) (petition for reh'g filed Aug. 25, 2011), which rejected a sufficiency of the evidence argument in an honest services mail fraud case, reinforces the Court's determination that the jury verdict here is sound. While the facts of Langford are different, many of the legal pronouncements by the Eleventh Circuit in Langford regarding honest services mail fraud also apply here.

may "grant a new trial if the interest of justice so requires." Fed. R. Cr. P. 33(a). Where a motion for new trial is based on the weight of the evidence, "the court need not view the evidence in the light most favorable to the verdict[; instead,] [i]t may weigh the evidence and consider the credibility of the witnesses." United States v. Hernandez, 433 F.3d 1328, 1335 (11th Cir. 2005) (quoting United States v. Martinez, 763 F.2d 1297, 1312 (11th Cir. 1985). "If the court concludes that, despite the abstract sufficiency of the evidence to sustain the verdict, the evidence preponderates sufficiently heavily against the verdict that a serious miscarriage of justice may have occurred, it may set aside the verdict, grant a new trial, and submit the issues for determination by another jury." Id. (quoting Martinez, 763 F.2d at 1312). While the discretion afforded the district court to grant a new trial is "quite broad, there are limits to it." Martinez, 763 F.2d at 1312. As the Eleventh Circuit explained in Martinez:

> The court may not reweigh the evidence and set aside the verdict simply because it feels some other result would be more reasonable. The evidence must preponderate heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand. Motions for new trials based on weight of the evidence are not favored. Courts are to grant them sparingly and with caution, doing so only in those really "exceptional cases."

Id. at 1312-13 (citations omitted).

Where a motion for new trial is based on a claim of erroneously admitted evidence, the defendant must show that an objection was properly preserved, the court abused its discretion in admitting or rejecting the evidence, and the error was prejudicial to the defendant. United States v. Stephens, 365 F.3d 967, 974 (11th Cir. 2004). Motions for new

trials based on other trial errors must demonstrate that the error created circumstances which rendered the trial "fundamentally unfair." See United States v. Campa, 459 F.3d 1121, 1153 (11th Cir. 2006) (affirming denial of new trial motion based on venue and prosecutorial misconduct where court undertook numerous curative measures to ensure a fair trial); Martinez, 763 F.2d at 1315 (rejecting defendant's motion for new trial based on discovery violation because violation did not render trial "fundamentally unfair"); United States v. Prunick, 273 F. App'x 807, 808 (11th Cir. 2008) (affirming decision to grant new trial where joinder of pornography counts with other charges resulted in prejudicially unfair trial); United States v. Doe, 216 F. App'x 874, 882, n.7 (11th Cir. 2007) (rejecting defendant's motion for new trial where comments by trial judge were not "so prejudicial as to constitute denial of fair trial").

Using these standards, the Court rejects all of the arguments made by Mr. Nelson and comments on only two:

First, as to the admission of testimony of Louis Naranjo (a Jacksonville Port Authority employee who testified regarding a meeting with Mr. Nelson which predated the time frame of the conspiracy), before admitting this testimony, the Court heard a proffer of Naranjo's testimony outside the presence of the jury and argument from counsel. Naranjo's testimony served to blunt Mr. Nelson's contention that, as chair of the Jacksonville Port Authority, he had little role in shaping policy or the day-to-day decisionmaking of the Port staff. Naranjo's testimony also provided evidence that Mr. Nelson was recommending SSI for Port business even at an early date. Moreover, Mr. Nelson's counsel's effective cross-examination during the proffer convinced the undersigned that Mr. Nelson would not be unduly prejudiced by

7

Naranjo's testimony and that in fact, depending on how the jury looked at it, his defense might have been helped by it. The Court carefully considered the parties' positions at the time and, in hindsight, the Court stands by its original ruling to admit Naranjo's testimony.

Second, it is true that, at the close of the evidence, the Court denied Mr. Nelson's motion for judgment of acquittal but granted a JOA as to Mr. Nelson's co-defendant, Frank Bernardino. While Mr. Nelson now complains that the Court's decision to grant Mr. Bernardino a JOA prejudiced him, at the time, Mr. Nelson's counsel supported Mr. Bernardino's JOA Motion.[3] Moreover, the Court took pains to fashion a proper explanatory jury instruction regarding Mr. Bernardino's absence and thereafter instructed the jury (with the approval of Mr. Nelson's counsel):

> You will notice that Mr. Bernardino and his counsel are absent. For reasons which are not part of your consideration, Mr. Bernardino is no longer a part of the trial. <u>I instruct you that this is not and should not be of concern to you in dealing with the question of whether Mr. Nelson is guilty or not guilty</u>. Please do not speculate as to Mr. Bernardino's absence or why he is no longer standing trial. <u>And his absence should not control or influence your verdict in any way whatsoever with respect to Mr. Nelson.</u>
>
> As I have previously instructed you, when defendants are tried together, the jury is called upon to determine the case of each defendant separately. That is still your job. <u>The fact that we have only one defendant left in this trial should be of no concern to you because whatever your verdict is, it has to be based solely upon the evidence that's been received in this courtroom</u>

---

[3]In preparing this Order, the Court has had access to uncertified rough transcripts of the trial; citations to specific transcript pages are therefore unavailable. Mr. Fallgatter's comments regarding the prosecution of Mr. Bernardino were made on the afternoon of May 13, 2011. The parties should contact the court reporter if official transcripts are needed for further review.

> as it relates to the remaining defendant. I want to emphasize again that Mr. Nelson has entered a plea of not guilty and you should not consider Mr. Bernardino's absence in any way in determining whether the government has proven Mr. Nelson guilty beyond a reasonable doubt.[4]

The Court is confident that the jury followed this instruction. Indeed, following Mr. Bernardino's acquittal, the Court observed as the trial progressed, and particularly in the closing arguments, that Mr. Bernardino's absence was barely noticeable.[5]

## III.    Conclusion

This case required the Court to make numerous legal and evidentiary rulings, some of which favored Mr. Nelson and others not. The Court has revisited those rulings as necessary to decide this motion and continues to believe them to be correct. Additionally, the evidence was sufficient for the jury, acting as a reasonable trier of fact, to find as it did. For the Court to find otherwise would simply be substituting the Court's judgment for that of the jury, something the law does not permit. Mr. Nelson received a fair trial and the jury's verdict must be upheld.

---

[4]These instructions, which were adapted from United States v. Barrientos, 758 F.2d 1152, 1156 (7th Cir.1985) and United States v. Pelle, 263 F. App'x 833 (11th Cir. 2008), were read to the jury on the afternoon of May 18, 2011. The emphasis here has been added.

[5]In his motion for new trial, Mr. Nelson refers to another motion for new trial based on alleged juror misconduct. However, the Court previously held a hearing on that motion, which Mr. Nelson ultimately withdrew because it was unsubstantiated. See Doc. 352.

Accordingly, it is hereby

**ORDERED:**

1.      Defendant Tony Devaughn Nelson's Post-Verdict Motion for Judgment of Acquittal (Doc. 340) is **DENIED**.

2.      Defendant Tony Devaughn Nelson's Post-Verdict Motion for New Trial and Motion for Arrest of Judgment (Doc. 341) is **DENIED**.

3.      Defendant remains adjudicated as stated in the Court's Adjudication of Guilt (Doc. 314), entered May 27, 2011.

4.      No later than **September 22, 2011**, the government shall file a notice or motion stating its final decision regarding Counts 37-43 of the Indictment.   Assuming the government seeks dismissal of Counts 37-43, as it has previously indicated, the Court hereby sets Mr. Nelson for sentencing on **December 5, 2011 at 9:30 a.m.** in Courtroom 10D, Tenth Floor, United States Courthouse, 300 North Hogan Street, Jacksonville, Florida.  No later than **November 1, 2011**, Mr. Nelson should file any sentencing memorandum or other materials he wishes the Court to consider at his sentencing hearing.  At the same time, Mr. Nelson should also file a witness list for the sentencing hearing, along with an estimate of how long his sentencing presentation may take.  No later than **November 18, 2011,** the government should file any response to Mr. Nelson's sentencing memorandum, along with a witness list and an estimate of the length of its presentation.  This schedule is designed to give the parties ample time to prepare for this hearing and the Court will be reluctant to continue it.   The parties are also instructed to work cooperatively with the U.S. Probation

Officer to facilitate the Officer's timely completion of the Presentence Investigation Report. If good faith efforts fail to resolve any objections to the PSR, the parties should address those objections in their sentencing memoranda.

**DONE AND ORDERED** in Jacksonville, Florida, this 6th day of September, 2011.

TIMOTHY J. CORRIGAN
United States District Judge

md.
Copies to:
Mark B. Devereaux, AUSA
Mac D. Heavener, AUSA
Curtis S. Fallgatter, Esquire
U.S. Probation (Coxwell)
U.S. Pretrial Services
U.S. Marshals Service
Defendant