**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

vs.                                                                    Case No. 3:10-cr-23-J-32TEM

TONY DEVAUGHN NELSON

_____

**ORDER**

On January 18, 2012, the Court held a pre-sentencing hearing to discuss how to approach the issue of non-charged wrongful conduct. The government has filed under seal (Doc. S-26) a notice of non-charged conduct with various attachments that it intends to rely on at sentencing to counter defendant's efforts to show his good character, all of which would be considered as part of the Court's analysis of the 3553(a) factors. See 18 U.S.C. § 3553(a). With the Court's permission, defendant filed under seal (Doc. S-27) a response (with attachments) to the government's notice which explains why, in defendant's view, the government has misconstrued each of the incidents of non-charged conduct. The parties are not contesting the Court's ability to consider non-charged conduct as part of its 3553(a) analysis and ordinarily these issues would be fleshed out at the sentencing hearing.[1] See, e.g., United States v. Beasley, 322 Fed. App'x 777, 779 (11th Cir. 2009) (holding that district court properly considered evidence of uncharged crimes as part of 3553(a) analysis at sentencing). However, in this case, the Court and the parties share a concern that a full

---

[1] Both parties acknowledge that none of these matters affect the Court's guideline calculation but, rather, are relevant only as to the analysis of the other 3553(a) factors.

airing of the incidents referenced in the government's notice would unnecessarily expose to public scrutiny persons not otherwise charged with any crime or wrongdoing (and who would have no opportunity to respond).

The law does not provide a clear answer to this dilemma. Among other alternatives discussed at the hearing, defendant's counsel suggested an option that the Court has determined to essentially adopt: the Court will read and consider the materials provided under seal by both sides, much like the Court reads and considers the pre-sentence investigation report and character letters, neither of which are publicly filed. The Court will then permit the attorney for the government to proffer the information related to the non-charged conduct in an appropriate way that does not unnecessarily identify other involved parties whose names have not previously been publicly disclosed in this record.[2] Counsel for defendant will then be permitted to respond likewise. The Court will allow the parties to engage in this discussion only after the Court has determined the applicable guideline range and the information will therefore be considered as part of the Court's 3553(a) analysis, along with other argument and information presented at the hearing. See 18 U.S.C. § 3661 ("No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence.").

This approach also has the advantage of avoiding unnecessary "mini-trials" over each incident, which would involve the presentation of evidence, subject to cross-examination and

---

[2]Many of the incidents have already been discussed in some form in the voluminous public pleadings already filed in this case.

counter-proof, thereby raising the possibility that these matters would overshadow the central issue of defendant's conduct for which he has been convicted in this case. This procedure will also adequately protect the public's right of access to these proceedings.

**DONE AND ORDERED** at Jacksonville, Florida this 30th day of January, 2012.

_____
TIMOTHY J. CORRIGAN
United States District Judge

s.
Copies:

Mark B. Devereaux, Esq. (AUSA)
Mac D. Heavener, Esq. (AUSA)
Curtis S. Fallgatter, Esq.
U.S. Probation (Coxwell)
Defendant

3