**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

vs.  Case No. 3:10-cr-23-J-32TEM

TONY DEVAUGHN NELSON

---

**ORDER**

This case is before the Court on Defendant Tony Devaughn Nelson's Motion for Release Pending Appeal (Doc. 393), as amended (Doc. 404), and supplemented (Doc. 405). The government has filed a response in opposition (Doc. 406).

For an individual convicted of an offense to be entitled to release pending appeal pursuant to 18 U.S.C. § 3143(b)(1), the Court must find: (1) by clear and convincing evidence that the person is not likely to flee or pose a danger to the community if released; (2) the appeal is not for purposes of delay; and (3) the appeal raises a substantial question of law or fact likely to result in reversal or an order for new trial. As to the "substantial question" portion of the analysis, the defendant must demonstrate not only that his appeal will raise a substantial question of law or fact, but must also show that "if that substantial question is determined favorably to the defendant on appeal, that decision is likely to result in reversal or an order for a new trial of all counts on which imprisonment has been imposed." United States v. Giancola, 754 F.2d 898, 900 (11th Cir. 1985) (citation omitted).

The Court finds defendant has satisfied the first two requirements; however, the Court determines defendant has failed to meet the substantial question requirement as set forth

in 18 U.S.C. § 3143(b)(1) and Giancola. While this was admittedly a difficult and complex case, defendant has not identified any factual or legal error that is likely to result in reversal or an order for a new trial that would alter the imposed term of imprisonment.[1] Defendant's original and amended motions for release pending appeal, as supplemented, (Docs. 393, 404, 405), are **DENIED**. Defendant shall report to the Bureau of Prisons in accordance with the terms of this Court's Judgment (Doc. 408).[2]

**DONE AND ORDERED** at Jacksonville, Florida this 21st day of February, 2012.

TIMOTHY J. CORRIGAN
United States District Judge

s.
Copies:

Mark B. Devereaux, Esq. (AUSA)
Mac D. Heavener, Esq. (AUSA)
Curtis S. Fallgatter, Esq.
U.S. Probation (Coxwell)
U.S. Pretrial Services
U.S. Marshals Service
Defendant

---

[1] For example, while defendant has consistently claimed error in this Court's interpretation of the Supreme Court's decision in Skilling, even if defendant obtains appellate relief on this issue, he also stands convicted of other crimes which are not affected by the Skilling issue and as to which he received the same concurrent term of imprisonment.

[2] As stated in the Judgment, the Court has directed defendant to report to the designated facility at the time determined by the Bureau of Prisons, but no earlier than April 23, 2012. This timing is to give defendant an opportunity to seek review of this Order from the Eleventh Circuit, pursuant to Rule 9(b) of the Federal Rules of Appellate Procedure.