**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

v.  CASE NO.: 3:10-cr-23-J-32TEM

TONY DEVAUGHN NELSON
_____

UNITED STATES OF AMERICA

v.  CASE NO.: 3:10-cr-30-J-32MCR

LANCE WILLIAM YOUNG

_____

**ORDER**

This case is before the Court on the Motion of The United States of America for a Forfeiture Money Judgment (Doc. 385) and the United States Motion for Entry of a Preliminary Order of Forfeiture (Doc. 384) (both filed in Case No. 3:10-cr-23-J-32TEM). Defendant, Tony Devaughn Nelson has filed a Memorandum in Opposition to Forfeiture (Doc. 392) and the Government has filed a reply to Nelson's arguments (Doc. 398)[1]. Additionally, at Nelson's sentencing hearing on February 3, 2012, the Court afforded all parties an opportunity to be heard on the matter, the record of which is incorporated herein. Nelson makes three primary objections to the Government's motions. First, Nelson argues that the Government incorrectly seeks to impose forfeiture via a civil statute. Next, Nelson contends that the forfeiture constitutes an excessive fine. Last, Nelson maintains that the

---

[1] Defendant Nelson's Motion to Strike United States Sentencing Memorandum Regarding Forfeiture (Doc. 399) is denied.

$139,000.00 he voluntarily tendered to the Government prior to trial is not subject to forfeiture. Defendant Young did not object to the money judgment to be entered against him.

Discussion

Nelson first argues that he is not subject to criminal forfeiture under 18 U.S.C. § 981(a)(1)(C) because § 981 is a civil forfeiture statute and not applicable to this criminal case. Doc. 392 at ¶2 p. 2. The Government responds that forfeiture is appropriate pursuant to both § 981(a)(1)(C) and 28 U.S.C. § 2461(c), which deems criminal forfeiture available whenever civil forfeiture is authorized. Doc. 398 at 2.

"Congress enacted 28 U.S.C. § 2461(c). . . to make criminal forfeiture available in every case that the criminal forfeiture statute does not reach but for which civil forfeiture is legally authorized." United States v. Padron, 527 F.3d 1156, 1161-62 (11th Cir. 2008) (citing United States v. Edelkind, 467 F.3d 791, 798-800 (1st Cir. 2006)). Section 981(a)(1)(C) permits the Government to seek civil forfeiture of "[a]ny property, real or personal, which constitutes or is derived from proceeds traceable to a violation of . . . any offense constituting 'specified unlawful activity' (as defined in section 1956(c)(7) of this title), or a conspiracy to commit such offense." 18 U.S.C. § 981(a)(1)(C). Section 1956 lists as a "specified unlawful activity" both federal funds bribery under § 666 and mail fraud under § 1341. 18 U.S.C. § 1956(7)(D); 18 U.S.C. § 1956(7)(A). Consequently, because civil forfeiture is authorized for the offenses of which Nelson was convicted, federal funds bribery and general mail fraud,[2] criminal forfeiture is authorized under § 2461(c). See Padron, 527 F.3d at 1162.

---

[2] Nelson does not contest that he is subject to forfeiture for his offense of money-laundering pursuant to 18 U.S.C. § 982. Doc. 392 at ¶ 3 p. 2.

2

Next, Nelson argues that $143,500.00 is an excessive fine in violation of the Eight Amendment under the Supreme Court's proportionality test found in United States v. Bajakajian, 524 U.S. 321 (1998). It is unclear whether a proportionality argument applies under these facts. See generally United States v. Tilley, 18 F.3d 295 (5th Cir. 1994)(holding that forfeiture of illegal proceeds is not punishment); United States v. Alexander, 32 F.3d 1231, 1236 (8th Cir. 1994)("Forfeiture of proceeds cannot be considered punishment, and thus, subject to the excessive fines clause, as it simply parts the owner from the fruits of the criminal activity."). However, even assuming that a proportionality argument does apply, the forfeiture is not excessive.

To determine whether a fine is excessive under the Eighth Amendment a court looks to the following three factors: 1) whether the defendant falls into the class of persons at whom the criminal statute was principally directed; 2) other penalties authorized by the Sentencing Commission; and 3) the harm caused by the defendant. United States v. Browne, 505 F.3d 1229, 1281 (11th Cir. 2007). Here, the jury found Nelson to be the sort of individual at whom the statutes of conviction are directed - a public official who accepted a bribe. As to the second factor, the forfeiture amount is significantly less than the maximum fine authorized by the Sentencing Commission. See id. at 1282 (stating that the defendant's argument was severely undermined because the forfeiture was significantly less than the maximum fine allowable). Third, the Government seeks $143,500.00, the exact amount of the bribes for which he was convicted. Such forfeiture is not excessive.

Finally, Nelson objects to the Government's retention of $139,000.00 that he previously gave to the Government. He contends that the money was given as a good faith

attempt to cooperate during the Government's investigation and was not a forfeiture of funds. Also, Nelson asserts that any forfeiture that is "joint and several" between himself and Young should be divided equally between the two.

Nelson's argument is not well-taken. Nelson was convicted of federal funds bribery, money-laundering, and mail fraud. The jury found that Young paid Nelson $143,500.00 in bribes, the amount of which the Government now seeks in forfeiture. In light of his conviction, Nelson cannot now contend that the $139,000.00 he turned over to the Government is not subject to forfeiture. Regardless of the current legal status of the funds, Nelson has no right to property begotten by illegal means. See Tilley, 18 F.3d at 300 ("When, however, the property taken by the government was not derived from lawful activities, the forfeiting party loses nothing to which the law ever entitled him. . . . Consequently, he has no reasonable expectation that the law will protect, condone, or even allow, his continued possession of such proceeds because they have their very genesis in illegal activity.").

As to Nelson's objection that the forfeiture is unevenly split between himself and Young, there is no unfairness. The jury found that Young illegally paid to Nelson $143,500.00. The Court will enter judgment of forfeiture in the amount of $139,000.00 against Nelson as to the funds held by the Government.[3] The Court will also enter judgment for the remaining amount of $4,500.00 against Nelson and Young jointly and severally. In addition, the Court has levied a separate $100,000.00 fine against Young.

---

[3] Based on his plea agreement, Young will make no claim to these funds.

Thus, the Court finds that the Government has established the requisite nexus between the criminal activity and the $143,500.00 to permit a preliminary order of forfeiture against Nelson for $139,000.00 held by the government and a joint and several money judgment for the remaining $4,500.00.

**DONE** and **ORDERED** in Chambers in Jacksonville, Florida, this 21st day of February, 2012.

TIMOTHY J. CORRIGAN
United States District Judge

kh.
copies to:
Counsel of Record